UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOSHUA MARCUM, | : | Case No. 3:24-cv-209 |
| Petitioner, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Kimberly A. Jolson |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

# ORDER

Petitioner Joshua Marcum, a state prisoner at the Pickaway Correctional Institution proceeding *pro se*, has filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Before the Court is Petitioner's Motion to Expand the Record (Doc. 12), which Respondent opposes (Doc. 13). The Court **DENIES** the Motion **without prejudice**.

## I. BACKGROUND

On November 20, 2024, Petitioner filed a Motion to Expand the Record, seeking to add two video recordings of interactions with Trotwood Police to support his six grounds for relief and his claim of actual innocence. (Doc. 12, PageID 1496–99). Petitioner explains that the first video is of his interview with Detective Kinder on the morning of June 13, 2021. (*Id.* at PageID 1496–97). The other is a recording of Officer Jackson's Trotwood Police cruiser taken the same day. (*Id.* at PageID 1497). Petitioner says he cannot obtain physical copies of the recordings while incarcerated and would need to provide copies to the Court and to Respondent "through Holly Ansley." (*Id.* at PageID 1497 n.1).

1

Petitioner contends that the videos are relevant to his claims. (*Id.* at PageID 1497–98). He maintains that the videos would show that his trial strategy was a "pure defense of actual innocence" and would help the Court determine whether an evidentiary hearing is warranted to resolve the following issues:

(1) sufficiency of the evidence claims;

(2) credibility of the alleged victim as it relates to the prosecution's case theory;

(3) prosecution failing to disclose and withholding evidence; and

(4) rebutting the presumption of correctness of state court factual findings.

(*Id.* at PageID 1496).

Respondent opposes the motion, asserting that the Antiterrorism and Effective Death Penalty Act (AEDPA) and *Cullen v. Pinholster*, 563 U.S. 170 (2011), foreclose this Court from considering evidence outside the state court record for claims adjudicated on the merits. (Doc. 13, PageID 1503-04 (additional citations omitted)). Respondent notes that even though evidence outside the record may be considered in assessing whether to excuse a procedural default, deference is still owed in analyzing the unreasonableness of a state court alternative merits decision based on the record before the state court. (*Id.* at PageID 1505–06 (referring to the alleged procedural default of Petitioner's second ground for relief)).

Petitioner did not file a Reply, and the matter is ripe for review. (Docs. 12, 13).

II.     **STANDARD OF REVIEW**

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts states that a federal habeas court may direct the parties to supplement the record with additional materials relevant to the Court's resolution of the petition, including documents, exhibits, and affidavits. Rule 7, 28 U.S.C. foll. § 2254. Whether to order an expansion of the record falls within the sound discretion of the district court. *Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008) (citing

*Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)); *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008). "Such an expansion must be limited by the relevance of the proffered materials to the constitutional claims presented." *Johnson v. Warden*, No. 2:16-cv-985, 2018 WL 9669761, at *3 (S.D. Ohio June 26, 2018). However, "[e]xpansion of the record can assist the district court in deciding other issues besides the merits of the claim" and "does not necessarily require that the district court consider that evidence in evaluating the merits of the habeas claim." *Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013).

> Section 2254(e)(2) of AEDPA restricts factual development in habeas corpus actions:
>
> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Although § 2254(e)(2) refers only to evidentiary hearings, other courts in the Sixth Circuit have interpreted that these restrictions apply to any factual development, including motions to supplement the record and in limiting discovery. *See, e.g., Obermiller v. Shoop*, No. 1:19-cv-2193, 2024 WL 404490, at *2 (N.D. Ohio Feb. 2, 2024) (collecting cases); *Davis v. Bobby*, No. 2:10-cv-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("Put simply, unusable evidence cannot lead to relief.").

3

Further, when state courts adjudicate a claim on the merits, a district court ordinarily cannot consider evidence outside the state court record on a § 2254 habeas petition. *Pinholster*, 563 U.S. at 180–81 (applying 28 U.S.C. § 2254(d)). That said, if a district court finds that a state court's merits decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the district court then can consider evidence outside the state court record to determine whether the claim warrants habeas relief. *Short v. Warden, Chillicothe Corr. Inst.*, No. 3:19-cv-052, 2025 WL 601257, at *5 (S.D. Ohio Feb. 25, 2025). A district court is also constrained in its authority to expand the record or permit discovery without first considering whether the evidence would be admissible to support the petitioner's claim. *Shoop v. Twyford*, 596 U.S. 811, 820–22 (2022) (citing *Shinn v. Ramirez*, 596 U.S. 366 (2022)); *Short*, 2025 WL 601257, at *5 (applying *Twyford*).

### III. DISCUSSION

In its discretion, the Court denies Petitioner's request to expand the record at this time. The United States Supreme Court has made clear that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits because the federal habeas scheme was designed to leave primary responsibility with the state courts." *Davis*, 2017 WL 2544083, at *2 (quoting *Pinholster*, 563 U.S. at 181–82) (internal quotation marks omitted) ("It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*."). As noted, courts within the Sixth Circuit consistently hold that *Pinholster* precludes consideration of new evidence developed in federal habeas corpus when reviewing claims previously adjudicated on the merits by the state courts. *Obermiller*, 2024 WL

4

404490, at *2; *Davis*, 2017 WL 2544083, at *2–6 (citing *Loza v. Mitchell*, 766 F.3d 466, 494 (6th Cir. 2014); *Moore*, 708 F.3d at 780–84).

Petitioner arguably has shown that the videos are relevant, since he says they may help resolve his claims. *Johnson v. Warden*, No. 2:16-cv-985, 2018 WL 9669761, at *3 (S.D. Ohio June 26, 2018); *Moore*, 708 F.3d at 784. And if this Court determines that the state court decision was unreasonable under § 2254(d)(2), then review would not be limited to the record before the state courts. In that instance, though a habeas court could consider evidence outside the state court record to resolve a claim on the merits, granting a request to expand the record still would be discretionary. *Beuke*, 537 F.3d at 653 (citing *Ford*, 841 F.2d at 691); *West*, 550 F.3d at 551.

Although Petitioner asserts that the videos will support his claims, this Court's review is limited to reviewing the record that was before the state court when determining unreasonableness. As other courts in this District have said, it is "unclear whether *Twyford* requires that a habeas court first determine whether the new evidence may *actually* be considered *before*" permitting factual development. *Short*, 2025 WL 601257, at *5; *see also Ludwick v. Warden, Chillicothe Corr. Inst.*, No. 1:24-cv-51, 2025 WL 1446906, at *3 (S.D. Ohio May 20, 2025) (denying factual development until finding a state court decision was unreasonable). A decision considering Petitioner's claims on the merits, including whether any claims are defaulted, is forthcoming. And the Court declines to make piecemeal rulings on substantive claims. In other words, this Court cannot consider the videos unless or until it finds that the state court merits decisions were unreasonable.

Beyond that, although the proffered evidence arguably satisfies the low relevancy standard, it is of marginal evidentiary value. Petitioner maintains that *Pinholster* "does not preclude expansion of the record in support of a claim of actual innocence." (Doc. 12, PageID 1496

5

(citations omitted)).  As Respondent points out, actual innocence is a gateway to excuse procedural default, and this Court would still owe deference to the state court's adjudication of any claims on the merits.  (Doc. 13, PageID 1505–06).  Petitioner has failed to explain what additional evidence the videos will provide that cannot already be determined through review of the state court record and the state trial court transcripts.  Even Petitioner points out that the interview with Detective Kinder came up numerous times during Petitioner's testimony on cross-examination.  (Doc. 12, PageID 1498 (citing Doc. 7-1, PageID 799–831)).  Petitioner has not shown that new evidence will be revealed to help resolve his claims.  Nor has he explained how the videos will show that an evidentiary hearing is warranted.[1]  Therefore, expansion of the record is not warranted at this juncture, and Petitioner's Motion to Expand the Record (Doc. 12) is **DENIED without prejudice**, subject to reconsideration or renewal.

IV.     **CONCLUSION**

The Court **DENIES without prejudice** Petitioner's request to expand the record to include two videos with Trotwood Police personnel.  (Doc. 12).  If the Court determines that the videos would aid in resolving a procedural default or that the state court adjudication was unreasonable within the meaning of § 2254(d), Petitioner's request may be renewed or reconsidered.

IT IS SO ORDERED.


Date:  July 28, 2025                    */s/ Kimberly A. Jolson*
                                        Kimberly A. Jolson
                                        United States Magistrate Judge

---

[1] To the extent that Petitioner seeks an evidentiary hearing on the same issues (Doc. 12, PageID 1496), he fails to show that an evidentiary hearing is warranted for the same reasoning detailed above.  Facing limitations in considering evidence outside the state court record, an evidentiary hearing (or factual development generally) is warranted only when a petitioner can show how the Court could consider the potential evidence without conflicting with the strictures of the AEDPA and *Pinholster*.  28 U.S.C. § 2254(e)(2); *Twyford*, 596 U.S. at 820–22.

6